IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR - 11-68-KEW |
| ) | |
| INTEGRATED PRODUCTION SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

FILED
OCT 11 2011
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By:_____
Deputy Clerk

## PLEA AGREEMENT

### PARTIES

This plea agreement is entered into by and between the United States, by and through the United States Attorney, Eastern District of Oklahoma and the Environmental Crimes Section of the Environment and Natural Resources Division, and the above-captioned defendant. This plea agreement is entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

### DEFENDANT'S PLEA

The defendant agrees to voluntarily plead guilty to and admit to being guilty of the following charge in the Eastern District of Oklahoma, as set out in the Information accompanying this Plea Agreement:

| Count | Violation | Statute |
|---|---|---|
| 1 | Negligent Violation of Clean Water Act<br>18 U.S.C. § 2 | 33 U.S.C. § 1319(c)(1)(A) |

The Information is to be filed by the United States and the defendant waives indictment by a Grand Jury. The defendant also agrees to submit to the United States, in advance of the plea hearing, a written factual basis for the count to which defendant agrees to plead guilty, and which is acceptable to the United States. At the time the guilty plea is entered, the factual basis will be

1549459v3 9/13/2011 3:30:33 PM                                        1

filed with the Court. The factual basis must be sufficient to enable the Court to find the defendant guilty of the offense charged in the Information. At the time the guilty plea is entered by the defendant, the defendant shall admit that the defendant is, in fact, guilty of the offense charged in the Information.

In exchange for the defendant's plea of guilty to the Criminal Information, the United States agrees not to bring further criminal charges against defendant, based on or arising out of any matters that were related to the United States' investigation of the illegal conduct to which the defendant is pleading guilty, and that were known to the United States as of the date of this Plea Agreement. The defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction. The defendant also understands that this Plea Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including but not limited to: fines, penalties, suspension, debarment, listing, licensing, injunctive relief or remedial action to comply with any applicable regulatory requirement.

Defendant also agrees to file with the Court written approval by defendant Integrated Production Services, Inc., reflecting that it has manifested its intention and agreement to be bound by corporate authorization, and to have a duly authorized corporate representative appear to enter the plea of guilty on behalf of defendant Integrated Production Services, Inc. A copy of this written authorization shall be attached hereto as Attachment A and made part of the record.

### MAXIMUM POSSIBLE PUNISHMENT

The defendant understands that the maximum possible penalty for the offense charged is a fine of the greater of $200,000 or twice the pecuniary gain or loss that resulted from the offense, 18 U.S.C. § 3571, a term of probation up to five (5) years and a mandatory special assessment in the amount of $125.00. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant

acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, U.S.C. § 3611, et seq.

## SPEEDY TRIAL ACT WAIVER

The defendant waives and agrees to waive any rights under the Speedy Trial Act.

## WAIVER OF CIVIL CLAIMS AND HYDE ACT CLAIMS

The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant.

## WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following appellate and post-conviction terms of this agreement:

1. the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);

2. the defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

3. the defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 125 S. Ct. 738 (2005);

4. the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver;

5. the defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government.

The defendant has been represented by counsel and is fully satisfied with the services rendered by the defense attorney(s) and agrees that such representation has been competent legal representation and has provided the best result for the defendant possible under the circumstances of this case. The defendant expressly acknowledges that counsel has explained defendant's trial, appellate, and post-conviction rights; that defendant understands these rights; and that defendant knowingly and voluntarily waives and relinquishes those rights as set forth above.

## BREACH OF AGREEMENT

In the event the United States believes the defendant has failed to fulfill any obligations under this agreement or has falsely implicated an innocent person in the commission of a crime, the United States shall, in its discretion, have the option of declaring any provision of this agreement null and void. The defendant and the United States agree that in the event the Court concludes that the defendant has breached this agreement:

a.  the defendant will not be permitted to withdraw any guilty plea(s) tendered under this agreement and agrees not to petition for withdrawal of any guilty plea(s);

b.  the United States will be free to make any recommendations to the Court regarding sentencing in this case;

c.  any evidence or statements made by the defendant during the cooperation phase will be admissible at any trials or sentencings; and

d.  the United States will be free to bring any other charges it has against the defendant.

## RE-INSTITUTION OF PROSECUTION

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be

represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or any constitutional restrictions as to the time of bringing such charges.

## COOPERATION REQUIRED OF THE DEFENDANT

The defendant agrees to cooperate fully with the United States. The defendant's required cooperation shall specifically include, but shall not be limited to, any issues for determining the existence of any crime victims, as defined by the Crime Victims Rights Act, 18 U.S.C. § 3771 et seq. The defendant understands and agrees that complete and truthful cooperation is a material condition of this agreement. Cooperation shall include providing all information known to the defendant regarding any criminal activity, including but not limited to the offenses described in this agreement. Cooperation also includes complying with all reasonable instructions from the United States, submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States and to provide full and truthful testimony by any employees or agents of the defendant before any grand juries, hearings, trials or any other proceedings where the testimony by any employees or agents of the defendant is deemed by the United States to be relevant. The defendant understands that such cooperation shall be provided to any state, local and federal law enforcement agencies designated by counsel for the United States.

## INFORMATION TO BE CONSIDERED AT SENTENCING

The defendant understands that the United States may bring to the Court's attention, and the Court may consider, all relevant information with respect to the defendant's background, character and conduct, including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States may bring to the Court's attention and the Court may consider any failure by the defendant to fulfill any obligation under this agreement.

## SENTENCING RECOMMENDATION

The United States reserves the right to rebut any defense argument that the Probation Office has erred in its assessment of the appropriate sentence.

*Criminal Fine, Community Service, Environmental Compliance Plan, Probation*

Pursuant to this plea agreement and Rule 11(c)(1)(C), the defendant and the United States agree and stipulate to the following sentence, and represent that the stipulated sentence is the appropriate disposition of this case.

The defendant shall pay a criminal fine of $140,000, and make a payment of $22,000 as community service to the Oklahoma Department of Wildlife Conservation, to be used for research needed to assess the ecological integrity of the system and to collect water quality data, and fish population parameters of ecological services within the Boggy Creek watershed. The defendant agrees to make full payment of the criminal fine and community service within ten (10) days of the date of sentencing.

The defendant and the United States agree that the defendant serve probation for a period of two (2) years. During the term of probation, the defendant will implement an Environmental Compliance Program ("ECP"), attached hereto as Attachment B. Defendant agrees to provide written certification to the U.S. Probation Office that completion of the requirements completed under the ECP cost no less than $38,000. The defendant understands and agrees that the requirements set out in the ECP shall all be completed within two (2) years of the date of sentencing and that failure to fully comply with the conditions set forth in the ECP could constitute a violation of probation, and could result in a revocation of its probation and a breach of this plea agreement.

The defendant understands that neither the Court nor the United States Probation Office is bound by the foregoing stipulation(s), whether such stipulations relate to questions of fact or law or to the determination of the correct advisory sentencing guideline calculation, **except as provided by Rule 11(c)(1)(C).**

## SPECIAL ASSESSMENT

At or before the time of the plea hearing, the defendant will provide a check representing the full amount of the special assessment set forth above as required by 18 U.S.C. § 3013. This check will be made payable to the Clerk of the United States District Court and will be deposited with the Clerk immediately. The failure to have such check supported by sufficient funds will be treated as a breach of this plea agreement.

## FINANCIAL STATEMENT

The defendant agrees, as a part of this agreement, to submit, if needed, to interviews by the United States Attorney Office's Financial Litigation Unit regarding the defendant's financial status, and to complete and submit a financial statement, under oath, not later than two weeks after the date of this plea agreement.

## COMPLETE AGREEMENT/TERMS NOT SEVERABLE/CONSTRUCTION

The parties agree that this plea agreement was negotiated between competent legal counsel and the parties acknowledge responsibility for the plea agreement reached as a result of negotiation with respect hereto and expressed herein. The subject headings herein are for convenience only and are not part of this plea agreement. This document sets forth the complete and only terms of the plea agreement between the United States Attorney for the Eastern District

of Oklahoma, the Environmental Crimes Section of the Environment and Natural Resources Division, and the defendant in this case, and is binding only on the United States Attorney's Office for the Eastern District of Oklahoma and the Environmental Crimes Section of the Environment and Natural Resources Division, and the defendant. This written agreement supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial.

## TIME LIMIT

The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney on or before 5:00 p.m. EDT, September 16, 2011. Otherwise, the invitation to sign this plea agreement shall be deemed withdrawn.

## SIGNATURE REQUIREMENTS

None of the terms of this agreement shall be binding on the United States for the Eastern District of Oklahoma or the Environment and Natural Resources Division Environmental Crimes Section until this agreement is signed by the defendant, defense counsel, the United States Attorney for the Eastern District of Oklahoma, or his authorized representative, and an authorized representative for the Department of Justice Environment and Natural Resources Division.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with the attorney representing Integrated Production Services, Inc. I fully understand it and I voluntarily agree to it without reservation on behalf of Integrated Productions Services, Inc. No promises, agreements, understandings, or conditions have been made or entered into in connection with Integrated Production Services, Inc.'s decision to plead guilty except those set forth in this plea agreement. I represent that Integrated Production Services, Inc. is satisfied with the legal services provided by the attorney in connection with this plea agreement and matters related to it. Integrated Production Services, Inc. executes this plea agreement of its own free will. No threats have been made to it and it fully understands this plea agreement.

9-16-11
_____
Date

_____
Authorized Representative for Integrated
Production Services, Inc.

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. It accurately and completely sets forth the entire agreement between the United States and the defendant. The defendant's decision to enter into this agreement is an informed and voluntary one.

10-5-11
_____
Date

_____
Counsel for Defendant
Tim Johnson
Locke Lord Bissell & Liddell LLP
2800 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002

On behalf of the United States, we accept this agreement of the defendant to plead guilty under the terms and conditions set forth herein.

MARK F. GREEN
United States Attorney

By: _____
DOUG HORN
First Assistant U.S. Attorney
United States Attorney's Office
Eastern District of Oklahoma

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

By: _____
DANIEL W. DOOHER
Senior Trial Attorney
Environmental Crimes Section

U.S. Department of Justice